FILED

MAY 3 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVERT L. POTTER )
705 Summertime Drive )
Odenton, Maryland 21113, ) CASE NUMBER 1:01CV01189
)
TARICK A. ALI ) JUDGE: James Robertson
5008 Suitland Road )
Suitland, Maryland 20746, ) DECK TYPE: TRO/Preliminary Injunction
)
ROBERT ANTHONY ELLERBE ) DATE STAMP: 05/30/2001
52 Rhode Island Avenue, N.E. )
Washington, D.C. 20002, )
)
SHANNON M. LYONS )
1147 4th Street, N.E. )
Washington, D.C. 20002, )
)
WILLIE C. GAFNEY )
3330 Erie Street, S.E. )
Washington, D.C. 20020, and )
)
HASSAN A. UMRANI )
1468 Sheridan Street, N.W. )
Washington, D.C. 20011, )
)
      Plaintiffs, )
)
vs. )
)
DISTRICT OF COLUMBIA, )
)
      Defendant. )
)

## COMPLAINT FOR DECLARATORY
## JUDGMENT AND INJUNCTIVE RELIEF

1.     This is an action to compel the District of Columbia and the District of Columbia Fire and Emergency Medical Services Department ("Fire Department" or "Department") and its officials to abide by its obligation not to interfere with the religious practices of its members. The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb to 2000bb-4 ("RFRA"), and the First Amendment of the United States Constitution prohibit

251263v2

the District from burdening sincerely-held religious convictions without a compelling reason. The Plaintiff Firefighters all hold sincere religious convictions prohibiting them from shaving their beards, cutting their hair, or requiring them to wear religious head coverings. Some are Muslim, for whom shaving the beard is a violation of faith. Others are Rastafarian, whose religious beliefs prohibit them from cutting their hair. One is a Muslim, whose particular beliefs mandate that he wear a kufi, a religious head covering. All face imminent punitive sanctions if they do not comply with the Department's newly-enforced "Grooming Policy" which requires members to shave their beards to ¼ inch length and cut their hair to a length above the mid-point of their neck. The Grooming Policy also forbids any type of headwear not expressly permitted in the policy. The Department cannot meet the exacting compelling interest standard required by federal law to justify a substantial interference with sincere religious convictions. A preliminary injunction should therefore issue prohibiting the Department and its officials from subjecting its members to the Grooming Policy, contrary to their religious beliefs.

## JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the causes of action asserted arise under federal law – the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4, the First Amendment to the United States Constitution, and 42 U.S.C. §§ 1983.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant resides in this District within the meaning of that statute.

## PARTIES

4.  Plaintiff Calvert Potter has been a firefighter with the Department since 1992.

5.  Plaintiff Robert A. Ellerbe has been a firefighter with the Department since 1991 when he left the United States Marine Corps after service in Operation Desert Storm.

6.  Plaintiff Willie C. Gafney has been a firefighter with the D.C. Fire Department since 1991.

7.  Plaintiff Tarick A. Ali has been a D.C. firefighter since 1991.

8.  Plaintiff Shannon M. Lyons has been a firefighter with the Department since 1992.

9.  Plaintiff Hassan A. Umrani has been a firefighter for over twenty years.

10. Defendant District of Columbia is a municipal corporation of which the District of Columbia Fire and Emergency Medical Services Department is an agency.

## FACTUAL BACKGROUND

### A.  The Grooming Policy

11. In a Special Order issued on March 28, 2001, D.C. Fire Chief Ronnie Few announced that the Department's "Personal Grooming" policy would be enforced for the first time on April 1, 2001 to promote a positive public image in the community:

> On Sunday, April 1, 2001, this Department will begin enforcement of a personal grooming policy. This policy, which is part of Article XXI of the Fire Department Order Book, was adopted in 1997, but never implemented. It will be implemented now as part of my effort to increase discipline, uniformity, safety and *esprit de corps* throughout this Department. It is important for our members to project a positive public image that is consistent with the wearing of uniforms. Certain hair and beard styles not only detract from this positive image, but also present a health and safety risk to our members. It is for these reasons that the policy is now being implemented.
>
> Members are advised that this policy will be strictly enforced. Members who fail or refuse to bring their personal grooming in compliance with this policy shall be subject to discipline which may include termination from employment.

12. The Personal Grooming Policy in the Fire Department Order Book regulates both hair and facial appearance:

**Section 20. Personal Grooming:**

As a matter of personal grooming and in order to ensure that the proper donning or wearing of protective clothing and equipment does not present any contributing hazard to personal safety while performing assigned duties, the following guidelines shall be adhered to:

Hair – Male and Female Employees:

1. Hair shall be neat, clean, trimmed and styled to present a well groomed appearance;

2. Hair shall not be of such length and/or bulk that it prevents the uniform cap from fitting securely on the head;

3. Hair on the back of the head may touch, but shall not extend below, the mid-point of the shirt collar;

4. Hair shall be groomed so that, when the head is covered, the hair does not fall below the eyebrows or bunch out to the front, side, or rear of the headgear. Additionally, the hair shall not interfere with a proper seal of the air mask face piece;

\*   \*   \*

7. Hairpins that are inconspicuous may be used to comply with these regulations.

Facial Hair:

For the safety of the individual concerned, it is recommended that the face be clean shaven except for a well-trimmed mustache.

If the individual desires to wear a beard, it shall be neatly trimmed, not more than ¼ inch in length, and shall interfere with the proper seal of the air mask face piece.

**B.   The Religious Beliefs Of The Plaintiff Firefighters**

13. Plaintiff Calvert Potter became a practicing Sunni Muslim in 1996, since which time he has not shaved his beard to follow Muslim teaching. Potter follows the

example and teaching of the Prophet Mohammed to "grow the beard and trim the mustache." His beard extends approximately two (2) inches from his face and remains at this length naturally.

14. Plaintiff Willie C. Gafney took a Nazarite vow in 1991, which prevents him from cutting his hair. Even though Gafney could not cut his hair because of his religious beliefs, he complied with the Department's Grooming Policy by pinning his hair so that it did not extend below the mid-point of his shirt collar as the Grooming Policy allows.

15. Plaintiff Robert A. Ellerbe is a Rastafarian whose religious faith and practice requires him to grow his hair.

16. Plaintiff Tarick A. Ali began practicing as a Sunni Muslim in 1970 by following the five pillars of Islam. As a Sunni Muslim, Ali follows the example and teachings of the Prophet Mohammed to grow his beard. Ali has not cut his beard since at least 1989, and it remains naturally at a length of about one and one-half (1½) inches from his face.

17. Plaintiff Shannon M. Lyons became a practicing Sunni Muslim in 2000, and has not cut his beard since that time as part of his religious practice and observance.

18. Plaintiff Hassan A. Umrani has been a firefighter for more than twelve years, and has worn a beard for that entire time as a practicing Muslim. Umrani also practices his religion by wearing a Kufi on his head.

C. **The Fire Department's Unlawful Actions**

19. Plaintiff Potter has been placed on administrative leave for violations of the Grooming Policy for refusing to cut his beard, and will likely be terminated at the upcoming Fire Trial Board Hearing.

20. The Department has charged plaintiff Gafney with violating the Grooming Policy three times because he refused to cut his hair on religious grounds. Gafney has been placed on administrative leave and faces termination for insubordination at an upcoming Fire Trial Board Hearing.

21. After being charged twice with violating the policy, and faced with termination after ten years of service with the Department, plaintiff Ellerbe cut his hair on April 14, 2001 for the first time since 1995. The Department's actions caused Ellerbe to violate his religious beliefs, and he seeks relief from this Court to allow him to continue serving as a firefighter without interference to his religious beliefs.

22. Plaintiff Ali has been placed on administrative leave from the Department for violating the Grooming Policy, and will likely be terminated at the upcoming Fire Trial Board Hearing.

23. Plaintiff Lyons has been placed on administrative leave for refusing to shave his beard, and will likely be terminated at the upcoming Fire Trial Board Hearing.

24 Plaintiff Umrani cut his beard to comply with the Grooming Policy, but nevertheless has been placed on administrative leave following two violations of the Grooming Policy for wearing a Kufi.

## FIRST CAUSE OF ACTION

### RFRA

25. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 24 above.

26. RFRA applies to the federal government and other governmental entities created by federal law or subject to plenary Congressional authority, and the officers of these entities, including the Fire Department.

27. The Fire Department's grooming policy substantially burdens Plaintiff Firefighters' exercise of their religious beliefs in that it forces them to choose between incurring serious disciplinary sanctions and violating a fundamental tenet of their faith.

28. The grooming policy does not serve a compelling interest of the Fire Department.

29. The grooming policy is not the "least restrictive means" of furthering the Fire Department's stated interests of discipline, uniformity, *esprit de corps* and safety.

30. The Fire Department's enforcement of the Grooming Policy against the Plaintiff Firefighters has harmed and will harm them by violating their rights under RFRA, which prohibits the government from substantially burdening the free exercise of religion unless the governmental action is the least restrictive means of furthering a compelling governmental interest.

## SECOND CAUSE OF ACTION

## FIRST AMENDMENT

31. Plaintiff Firefighters repeat and incorporate by reference the allegations contained in paragraphs 1 through 30 above.

32. The First Amendment of the United States Constitution prohibits governmental entities from interfering with the rights of its citizens to freely exercise their religious beliefs.

33. Enforcement of the grooming policy constitutes a deprivation of the First Amendment rights of Plaintiff Firefighters.

34. Plaintiffs Firefighters' beliefs regarding the significance of their hair and/or beards are sincere and religious in nature, and the grooming policy is an unreasonable restraint on Plaintiff Firefighters' First Amendment rights to exercise their religion freely.

35. The Fire Department's refusal to accommodate the Plaintiff Firefighters' religious practices by modifying its enforcement of the Grooming Policy has harmed and will harm the plaintiff firefighters by violating their First Amendment rights.

36. The Grooming Policy is subject to strict scrutiny review under the First Amendment because it is not a neutral law of general applicability. Heightened scrutiny is alternatively appropriate because the policy allows for a system of individualized exceptions.

37. Plaintiff Firefighters alternatively prevail on their Free Exercise claim because the Grooming Policy is not rationally related to a legitimate government interest.

## PRAYER FOR RELIEF

Plaintiff Firefighters respectfully requests that this Honorable Court:

1. Enter a preliminary injunction enjoining the District of Columbia and the Fire Department, its officers, agents, and those acting in active concert with the Department from imposing any sanction or other adverse consequence against any Plaintiff Firefighter for their decision not to comply with the Department's grooming policy due to religious beliefs;

2. Issue a permanent injunction compelling the relief described in Paragraph 1 of this section;

3. Grant a declaratory judgment pursuant to 28 U.S.C. § 2201, affirming that the grooming policy is statutorily and constitutionally invalid as applied to the Plaintiff Firefighters;

4. Grant reasonable costs and attorney fees, including those available under 42 U.S.C. § 1988, to the Plaintiff Firefighters;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *signature*

Daniel Aronowitz, D.C. Bar No. 440278
Paul Vitrano, Bar No. 464223
Beth Koehler, Bar No. 468586
Ross, Dixon & Bell, L.L.P.
2001 K Street, N.W.
Washington, D.C. 20006-1040
(202) 662-2000 (telephone)
(202) 662-2190 (facsimile)

Of Counsel:

Arthur B. Spitzer
Legal Director
American Civil Liberties Union
 Of The National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800 (telephone)
(202) 452-1868 (facsimile)

*Counsel for Plaintiffs*

May 30, 2001