# CHASIN DECL.

# EXHIBIT B


Muriel Bowser
Mayor

# SPECIAL ORDER


Gregory M. Dean
Fire and EMS Chief

| Series | Number | Originating Unit | Effective Date | Expiration Date |
|---|---|---|---|---|
| 2020 | 55 | OFC | March 12, 2020 | December 31, 2020 |

Subject:

## Revised Implementation Date for
## Safety Operations Bulletin No. 10
## Donning and Use of Personal Protective Equipment

Effective Sunday, March 15, 2020, at 0700 hours, members shall be compliant with Safety Operations Bulletin No. 10, *Donning and Use of Personal Protective Equipment*, except for Sections 2.14 through 2.19. For your safety, members are urged to become compliant with this policy immediately.

Sections 2.14 through 2.19 shall maintain the original effective date of Sunday, April 5, 2020.

Members shall refer to the attached Safety Operations Bulletin No. 10 for a complete list of appropriate and inappropriate facial hairstyles.

Supervisors shall ensure that members under their command comply with the facial hair directives in Safety Operations Bulletin No. 10.

General Order No. 06, Series 2020, *Manual Change – Safety Operations Bulletin No. 10*, of *Personal Donning and Use Protective Equipment*, added Safety Operations Bulletin No. 10. The General Order indicates that this policy becomes effective and shall be enforced on Sunday, April 5, 2020.

The progression of the novel Coronavirus (COVID-19) necessitates the increased use of negative-pressure filtering face piece respirators, including N-95 masks and air-purifying respirators. Negative-pressure respirators draw air into the facepiece via the negative pressure created by user inhalation.

The main disadvantage of negative-pressure respirators is that if any leaks develop in the system, the user draws contaminated air into the facepiece.

The presence of facial hair interferes with the mask's seal and can cause 20 to 1,000 times more leakage than a seal that does not contain facial hair.

The safety of our members is the Department's top priority. As such, the Department is revising the implementation date for sections of Safety Operations Bulletin No. 10 dealing with facial hair.

SO-2020-55 Page 2

Members may refer to the attached list of FAQs for additional information.

Gregory M. Dean
Fire and EMS Chief

GMD:JD:jc

Attachments: Safety Operations Bulletin No. 10, *Donning and Use of Personal Protective Equipment*
List of FAQs

# DISTRICT OF COLUMBIA
# FIRE AND EMERGENCY MEDICAL SERVICES DEPARTMENT

**Safety Operations Bulletin No. 10**  **April 2020**

## DONNING AND USE OF
## PERSONAL PROTECTIVE EQUIPMENT

**1.0 REFERENCES**

1.1 Bulletin No. 28, *Religious Accommodation Policy*.

1.2 NFPA 1971, *Standard on Protective Ensembles for Structural Fire Fighting and Proximity Fire Fighting*.

1.3 District of Columbia Fire and EMS Department Respiratory Protection Plan.

1.4 U.S. Centers for Disease Control and Prevention: National Institute for Occupational Safety and Health, *Facial Hairstyles and Filtering Face Piece Respirators*.

**2.0 POLICY**

2.1 Employees shall wear/utilize protective clothing and equipment required to afford maximum personal protection during all types of emergency and non-emergency incidents.

2.2 No aspect of personal grooming is permitted to interfere with the form, fit, function, and/or interface of any type of personal protective clothing or equipment required for use by the employee.

2.3 No aspect of personal grooming is permitted to present a hazard to the employee in the course of performing his or her duties.

2.4 An employee affected by any part of this policy due to sincerely held religious beliefs or practices shall comply with Bulletin No. 28, *Religious Accommodation Policy*.

2.5 An employee affected due to other (non–religious) reasons shall submit a detailed Special Report to the Fire and EMS Chief through the member's Chain of Command describing the policy provision involved, and the specific effect on the employee.

2.6 Members who have a medical condition which prevents them from meeting these requirements shall be ordered to report to the Police and Fire Clinic (PFC) for an evaluation and referral to their private physician. A member's duty status will be determined by the PFC.

| Safety Ops. Bulletin No. 10 | Donning and Use of Personal Protective Equipment | Page 2 |

### *Enforcement*

2.7  In applying these standards, Battalion Commanders shall enforce the requirements of Chapter 6 of the District of Columbia Fire and EMS Department Respiratory Protection Plan, as well as the attached document entitled *Facial Hairstyles and Filtering Face Piece Respirators*, which sets forth both appropriate and inappropriate facial hair images and was published by the U.S. Centers for Disease Control and Prevention: National Institute for Occupational Safety and Health.

2.8  All personnel shall be in compliance with these requirements prior to assuming duty. Division and Battalion Commanders and Company Officers shall inspect personnel to assess and ensure their members are in compliance with these requirements at all times.

    2.8.1  Members that do not meet these requirements will not be permitted to assume duty. If a member cannot immediately come into compliance, the member shall be relieved from duty and placed on LWOP for the remainder of his/her tour of duty. Company Officers shall direct members not in compliance to submit a Special Report regarding their noncompliance and order the member to come into compliance by their next work day.

    2.8.2  Members who achieve compliance with these requirements by the next work day shall be restored to full duty and no further action will be taken. Those that do not comply with these requirements on the next and all subsequent work days will be directed to submit a Special Report regarding their noncompliance, ordered to come into compliance by their next work day and placed on administrative leave for the remainder of his/or her tour of duty during each subsequent occurrence.

2.9  Company Officers or employees having questions on how to interpret or comply with this policy shall bring those questions to their Battalion Fire Chief.

### *Personal Protective Clothing and Equipment Standards - Requirements*

2.10  The Department's personal protective clothing and equipment requirements should include, but are not limited to:

    2.10.1  Structural firefighting PPE,

    2.10.2  Chemical protective PPE,

    2.10.3  Technical rescue PPE,

    2.10.4  Water rescue PPE, and

    2.10.5  Various types of respiratory protection to include:

        2.10.5.1  Self–Contained Breathing Apparatus (SCBA),

        2.10.5.2  Supplied Air Breathing Apparatus (SABA), and

        2.10.5.3  Air Purifying Respirators (APR's).

**Safety Ops. Bulletin No. 10    Donning and Use of Personal Protective Equipment    Page 3**

### *Fire Suppression Incidents*

2.11    While responding to all incidents that potentially require fire suppression activities (i.e., automatic fire alarms, gas leaks, etc.), and while actually engaged in firefighting activities, employees shall wear the full structural firefighting protective ensemble in accordance with NFPA 1971, *Standard on Protective Ensembles for Structural Fire Fighting and Proximity Fire Fighting,* and Self Contained Breathing Apparatus (SCBA) at a minimum.

### *Other Incidents*

2.12    Employees responding to other incident types shall comply with personal protective equipment selection guidelines and requirements contained in the appropriate Standard Operating Guideline (SOG), infection control procedure, and any other Department policy applicable to the incident.

### *Grooming Standards Required for Safe Personal Protective Clothing and Equipment Usage*

### *Facial Hair*

2.13    Employees are not permitted to have:

    2.13.1    Facial hair that comes between the sealing surface of the face piece and the face;

    2.13.2    Facial hair that interferes with the valve function; or

    2.13.3    Any condition that interferes with the face-to-face piece seal or valve function.

### *Head Hair*

2.14    The length of head hair shall be groomed so that, when the head is covered, the hair does not fall below the eyebrows or bunch out to the front, side, or rear of the headgear or extend below the shoulder.

    2.14.1    Occurrences to the contrary cause the potential for vision obstruction, contamination from harmful substances, and flammability risks in certain scenarios.

2.15    Head hair shall be worn by employees in a manner that prevents:

    2.15.1    Interference with a proper seal of any respiratory protection equipment;

    2.15.2    A risk of entanglement in equipment or machinery; and

    2.15.3    Contact with a patient during patient care.

2.16    The bulk of the hair shall not interfere with:

    2.16.1    The use of any respiratory protection equipment;

    2.16.2  Helmets or any other protective headgear from fitting and functioning as designed;

    2.16.3  The use of structural firefighting hoods;

    2.16.4  Closing the collar of the coat of structural firefighting PPE; and/or

    2.16.5  The interface of all components listed above.

2.17  Hair restraints that are inconspicuous may be used to achieve compliance with these standards.

### *Jewelry/Fingernails*

2.18  Earrings, rings, bracelets, and necklaces are permitted as long as they can be worn in a manner that:

    2.18.1  Does not present an entanglement hazard;

    2.18.2  Does not interfere with the donning or function of any type of personal protective clothing or equipment; and

    2.18.3  Does not have the potential to compromise the integrity of the employee's clothing or equipment, including EMS gloves used for Body Substance Isolation (BSI) protection.

2.19  Fingernails shall be groomed to ensure that they:

    2.19.1  Do not interfere with the donning or function of any type of personal protective clothing or equipment; and

    2.19.2  Do not have the potential to compromise the integrity of the clothing or equipment, including EMS gloves used for BSI protection.

### 3.0  DEFINITIONS

3.1  *Employee(s)* – members required to comply with annual fit testing as outlined in Chapter 5 of the District of Columbia Fire and EMS Department Respiratory Protection Plan.

### 4.0  RESPONSIBILITIES

4.1  Employees are responsible for complying with the PPE and safety standards contained in this policy regardless of assignment.

4.2  Company Officers shall ensure the proper donning and use of protective clothing and equipment to ensure the maximum safety of each employee at all times.

4.3  Supervisors shall ensure that each employee under their command is in compliance with the Department's safety standards prior to assuming duty.

# DISTRICT OF COLUMBIA
# FIRE AND EMERGENCY MEDICAL SERVICES DEPARTMENT

**Safety Operations Bulletin No. 10**

April 2020






**Government of the District of Columbia**
**Fire and Emergency Medical Services Department**

**Muriel Bowser**
Mayor

**Gregory M. Dean**
Fire and EMS Chief

## Safety Ops. Bulletin 10 Donning and Use of Personal Protective Equipment
## Frequently Asked Questions

1. **Is the Department enacting the facial, hair, jewelry, and fingernail requirements at 0700 hours on March 15, 2020?**

   The Department is enacting the facial hair requirements, Sections 2.14 through 2.19, at 0700 hours on March 15, 2020. Sections 2.14 through 2.19 will maintain the original effective date of April 5, 2020. Further Frequently Asked Questions (FAQ) guidance on hair, jewelry, and fingernail requirements will be issued before that date.

2. **I've had facial hair for years and always pass my fit test. How is this going to make me safer?**

   The Department will no longer allow members to take the fit test with facial hair; this decision and practice is consistent with the manufacturer and NFPA standards, NIOSH regulations and manufacturer requirements. The Department also will no longer allow members to maintain facial hair while on duty between fit tests, that interferes with the seal and fit of the mask, which jeopardizes member safety. This policy is consistent also with manufacturer and NFPA standards, NIOSH regulations and manufacturer requirements.

3. **I have a medical condition that prevents me from shaving. What should I do?**

   Report to the clinic for an evaluation and referral to your private physician.

4. **My religious beliefs prevent me from complying. What should I do?**

   Comply with Bulletin No. 28, *Religious Accommodation Policy*. Or contact Kim McDaniel, the Department's EEO Officer, at 202-715-7594.

Frank D. Reeves Municipal Center
2000 14th Street, NW, Suite 500
Washington, DC 20009

phone:      (202) 673-3320
facsimile:  (202) 462-0807
www.fems.dc.gov

5. **The Department already lost a lawsuit related to the same issue. Why do we have to comply now?**

   The Department's policy is legally sufficient. While developing the policy, we reviewed past litigation, including local, federal and national case law and statutes.

6. **I have heard that our SCBA is positive pressure so even if I have a minor leak due to facial hair I will not be exposed.**

   This is not accurate, N95 Masks and Air Purifying Respirators (APRs) that are used for respiratory protection are not positive pressure. In the positive pressure SCOTT SCBA, even minor leaks can lead to cancerous toxins exposure. Over the past year, the Department has experienced members receiving burns where non-compliant face piece fit was a factor.

7. **DC is not an OSHA state, why is the Department worried about this?**

   Even though the District is not an OSHA state, it does follow OSHA rules. Regardless of our OSHA status, we are committed to safety as a core value and as one of our top priorities. The Department's policy is consistent with NFPA standards, NIOSH regulations and manufacturer requirements.

8. **What will happen if a member does not comply?**

   Please refer to the enforcement section of the bulletin, Sections 2.7 through 2.9.

9. **How will my Company Officer know whether my facial hair is compliant with the policy?**

   Please refer to the diagram in Chapter 6 of the District of Columbia Fire and EMS Department Respiratory Protection Plan and the pictures included in the National Institute for Occupational Safety and Health (NIOSH) attachment to the bulletin. Members and their Company Officers should review those pictures to understand what facial hair is acceptable under the bulletin and what is not. *No facial hair of any length* will be allowed in areas when the drawings prohibit facial hair.

   The following video from the IAFF is also a helpful guide.
   https://www.youtube.com/watch?v=7i9NGmmtKZU&feature=em-lbcastemail

10. **Will specific groups be targeted with this policy?**

    No. Respiratory injuries, cancer and other illnesses do not discriminate based on race, gender, age, religion, or any other protected status. This policy is intended to protect members' safety. It will be enforced for every employee required to use respiratory protection, without exception, and without disparate treatment of any individual. In short, Company Officers are required to treat all of their direct reports the same when enforcing this policy.

11. **I'm a Company Officer and I'm concerned that if I enforce the policy, I will be susceptible to EEO complaints.**

    Respiratory injuries, cancer and other illnesses do not discriminate based on race, gender, age, religion, or any other protected status. This policy is intended to protect members' safety. If Company Officers enforce it for every employee required to use respiratory protection, without exception, and without disparate treatment of any individual, then they should not be susceptible to valid EEO complaints. In short, Company Officers are required to treat all of their direct reports the same when enforcing this policy.

    If any Company Officer or manager needs guidance on how to enforce the policy, they should consult with their supervisor. If a Company Officer or manager is unsure of how to approach any issue at all, large or small, they should talk it through with their supervisor before proceeding. For specific EEO concerns, members may contact Kim McDaniel, the Department's EEO Officer, at 202-715-7594.