UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT L. POTTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 01-1189 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| STEVEN B. CHASIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No. 05-1792 (RJL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER
(August 31, 2023) [Dkt. #224][1]

In 2005, the D.C. Fire and Emergency Medical Services Department issued a policy called Special Order 20, Series 2005, which prohibited its "members who are required to wear tight fitting facepieces" from having "[f]acial hair that comes between the sealing surface of the facepiece and the face or that interferes with the valve function; or [a]ny condition that interferes with the face to face piece seal or valve function." Second Sneed Decl. Ex. A ("Special Order 20") [Dkt. #73-2] at 4 (ECF page number). Plaintiffs objected, claiming that the policy substantially burdened their religious practices of growing and

---

[1] All docket citations are to the docket for Civil Case No. 01-1189.

maintaining beards, in violation of the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. §§ 2000bb to 2000bb-4. *See Potter v. District of Columbia*, 2007 WL 2892685, at *2–3 (D.D.C. Sept. 28, 2007), *aff'd*, 558 F.3d 542 (D.C. Cir. 2009).

The Court agreed and permanently enjoined the District of Columbia "and its officials, agents, and employees . . . from enforcing the facial hair provisions of Special Order 20, Series 2005, against the plaintiffs." Permanent Inj. and Order [Dkt. #157] ¶ 1. It also ordered the District to "restore to field duty each plaintiff still employed by the District of Columbia Fire and Emergency Medical Service who ha[d] been assigned to administrative duty because he ha[d] not been clean-shaven." *Id.* ¶ 2.

In February 2020, the Department announced a new facial hair policy to conform with practices recommended by the Occupational Safety and Health Administration, the National Institute for Occupational Safety and Health, and the National Fire Protection Association. Mauro Decl. [Dkt. #232-5] ¶¶ 5–6. The guidance recommended against having facial hair so as to ensure a tight fit not only with facemasks but also with medical masks like N95s. *Id.* ¶ 5. Accordingly, the Department's new policy, known as Bulletin 10, prohibited employees from having "[f]acial hair that comes between the sealing surface of the face piece and the face; [f]acial hair that interferes with the valve function; or [a]ny condition that interferes with the face-to-face piece seal or valve function." Chasin Decl. Ex. A ("Bulletin 10") [Dkt. #224-5] § 2.13. Bulletin 10 was originally set to have an effective date of April 5, 2020, *id.* at 3 (ECF page number), and the Department planned to exempt the last four plaintiffs still employed by the Department, Mauro Decl. ¶ 7.

That plan changed, however, with the spread of COVID-19 cases in early March 2020. The effective date of Bulletin 10 was accelerated to March 15, Chasin Decl. Ex. B [Dkt. #224-6] at 2 (ECF page number), and the four plaintiffs were moved back to administrative assignments, albeit with their same salaries and benefits, Mauro Decl. ¶¶ 12–14. They remained in those assignments until late 2021, when three were returned to field positions. Potter Decl. [Dkt. #224-10] ¶ 20; Sterling Decl. [Dkt. #224-14] ¶ 14; Umrani Decl. [Dkt. #224-15] ¶ 13. The fourth remained and wishes to remain in his role as the Department's Salesforce administrator. Chasin Decl. [Dkt. #224-4] ¶ 17. Those four plaintiffs moved for judgment of civil contempt in November 2022. Pls.' Mot. for J. of Civil Contempt [Dkt. #224].

Even when a movant proves, by clear and convincing evidence, that "the putative contemnor has violated an order that is clear and unambiguous," *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (quoting *Armstrong v. Exec. Off. of the President, Off. of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993)), "courts need not impose the contempt sanction for every violation," *Marshall v. Loc. Union No. 639, Int'l Bhd. of Teamsters*, 593 F.2d 1297, 1303 (D.C. Cir. 1979). "The judicial contempt power is a potent weapon," *Int'l Longshoremen's Ass'n, Loc. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967), and so "courts rightly impose it with caution." *Joshi v. Pro. Health Servs., Inc.*, 817 F.2d 877, 879 n.2 (D.C. Cir. 1987). "[W]hether to brand a party's noncompliance as contempt lies within a court's discretion." *Univ. of Colo. Health at Mem'l Hosp. v. Becerra*, 531 F. Supp. 3d 10, 19 (D.D.C. 2021) (Contreras, J.).

The Court chooses to exercise that discretion here. Plaintiffs may well have proven that the Department violated a clear and ambiguous order by issuing and enforcing a policy nearly identical to the enjoined Special Order 20 and by returning plaintiffs to administrative duty. *See* Permanent Inj. and Order ¶¶ 1–2. *Compare* Special Order 20 at 4, *with* Bulletin 10 § 2.13. Still, the Department acted in a reasonably cautious way, under unprecedented and extraordinary circumstances, to keep plaintiffs and the public it served as safe as it could. *See* Mauro Decl. ¶¶ 8–14. Indeed, in the early days of the COVID-19 pandemic, no one—not the Department, not plaintiffs—knew exactly how easily the disease could spread, and the Department was tasked with serving the very people who suffered the disease's most severe effects. *See id.* ¶ 13; Spitzer Decl. [Dkt. #224-12] ¶ 10 (plaintiffs' former attorney acknowledging "the challenges to [the Department] of operating in the midst of the pandemic, about which very little was then known"). At the same time, it maintained plaintiffs' salaries and benefits and paid time-and-a-half to their replacements in the field. Mauro Decl. ¶¶ 14–16. In the Court's judgment, the D.C. Fire and Emergency Medical Services Department should not be branded as a contemnor for those actions, especially when plaintiffs' damages are likely to be de minimis. Accordingly, it is hereby

**ORDERED** that plaintiffs' Motion for Judgment of Civil Contempt [Dkt. #224] is **DENIED.**

**SO ORDERED.**

*[signature]*

RICHARD J. LEON
United States District Judge